12   229
53L 403

## EMERICK and others *vs.* HARLAN and others.

Courts should be very strict in discountenancing assignments, made by debtors for the benefit of creditors, in any other way than in the manner prescribed by the statute.

Certain creditors filed a bill in this court setting up that their debtor had fraudulently, and for the purpose of defeating their claims, conveyed his property to one H., who answered and denied the fraud. Subsequently H. transferred the property in dispute to a trustee, for the benefit of the creditors who where parties to the suit, reserving the surplus, if any, to himself. On this bill, which was exhibited by other creditors of the same debtor to set aside the deed of trust, *held*, that this could not be regarded as a voluntary assignment by the debtor, nor was it to be regulated by the same principles.

Isaac S. Williams and others, attachment creditors of John G. Michenor, exhibited their bill in this court against said Michenor and one Charles Harlan, setting forth that the former, when insolvent, had fraudulently conveyed valuable real estate to the latter to defraud creditors. Harlan and Michenor answered the bill, denying the fraud; but before the suit came to hearing Harlan conveyed the premises to Thomas H. Dudley, esquire, upon the following trusts: to receive the rents, to sell the lands at public or private sale, and at such times, and in such lots, and upon such terms, as he thought proper, and out of the rents and proceeds of sales to pay expenses of executing trust and of keeping property insured, and of repairs and taxes, and from the balance to pay the attaching creditors and certain other specified debts, and the residue, if any, to Harlan.

Subsequently to the foregoing settlement, the complainants in this suit, who were also creditors of Michenor, but whose claims were not secured by the trust, levied an attachment on the same lands, and filed this bill to set aside, among other things, the trust to Mr. Dudley, setting up the fraudulent conveyance to Harlan, and alleging that the property, when put in trust, belonged

in point of fact to Michenor, and that it was an assignment for the benefit of creditors, and was made in a mode inconsistent with the provisions of the statute, and was therefore void.

An *ex parte* injunction was obtained, enjoining the trustee from disposing of the property.

This was a motion to dissolve.

*A. Browning* and *Attorney General*, for the motion.

*M. Beasley,* contra.

THE CHANCELLOR. I do not think that the questions discussed on this argument, in reference to the validity of assignments made by debtors in trust for creditors, in any other manner than is prescribed by the act, are at all involved in deciding this motion. From several cases that have been in this court lately, I am perfectly satisfied, if a debtor is permitted to assign the whole or any part of his property in trust to a third person, for the benefit of the whole or part of his creditors, in any other manner than the act prescribes, the beneficial purposes of that act will be completely annulled. There are great frauds practised under the shelter of assignments. The assignment act is a great protection to creditors, and courts should be very strict in discountenancing assignments made in any other way.

I do not think that the assignment in question is to be looked upon as a *voluntary* assignment, or to be regarded precisely in the same light as if made by Michenor himself.

Judgments in attachments against Michenor had been obtained. The creditors exhausted their remedy at law. They then exhibited their bill in this court, on their own behalf and on behalf of such other creditors as should come in according to the rules of the court. They alleged, in their bill, that Michenor, their debtor, had made a fraudulent conveyance of his property to Harlan, in or-

der to protect it from his creditors, and prayed that the conveyance might be declared fraudulent and void as to Michenor's creditors, and their debts paid out of it. Harlan answered the bill, denying the fraud. He alleged that he was a *bona fide* purchaser of the property for $9000. The parties then in court in the suit, which included the complainants in the bill and some seventeen creditors, representing claims amounting to upwards of $30,000, and the defendant, Harlan, compromised that suit. They agreed that Harlan should convey the property in dispute to Thomas H. Dudley, as trustee, who should sell the same, and pay the creditors who were in court in that suit. There is a general charge of fraud in the bill, but there is no specific charge; that is, there is no allegation that this compromise was a contrivance to cut off or defeat any other creditors, or that any of the parties to it had it in contemplation to take any advantage of the complainants in this suit.

How can this be looked upon as a *voluntary* assignment on the part of Michenor for the benefit of creditors? Michenor was not a party to it. He did not assent to it, and there was no necessity that he should. That Harlan had an interest in the property was not disputed. He had advanced some $9000. Michenor had no further interest in the property; for whether he had conveyed to Harlan *bona fide* or *fraudulently* his interest was gone.

The only possible question can be, whether the compromise can be regarded, in any light, as a legal fraud upon creditors who were not parties to the suit. I do not see how it can. The parties there were diligent creditors pursuing their rights. These complainants could have come in, and have participated in the benefits of the suit by assuming their proportion of the risk and burthen. They did not choose to do it. They preferred to stand by and see the result. They do not deny that they knew of the pendency of the suit.

The parties, under the deed to Dudley, secured for

themselves nothing more than they would have been entitled to if they had been successful in the suit. If, instead of taking the deed, they had stated to the court that Harlan was willing to give them a decree of the same purport as the deed itself, and securing to them, in every particular, the same rights to their respective claims as the deed secures, this court would not have hesitated one moment in approving and signing such a decree.

Again, these defendants are all *bona fide* creditors. They are vigilant creditors. They have prosecuted their claims with diligence, and it is that diligence that has secured to them the advantage they have acquired. They are guilty of no fraud. A court of equity ought not to disturb them in their rights and in securing the payment of their debts.

As to the *surplus* which the deed reserves to Harlan, the injunction must be continued, or so modified, if necessary, as to prevent the trustee from parting with it until these parties are further heard. There is no necessity of bringing it into court, as the trustee is known to the court to be a responsible person, and the money will be safe in his hands.